Chang Ying LIN, Petitioner,

v.

**ATTORNEY GENERAL,
USA, Respondent.**

No. 02–4864.

United States Court of Appeals,
Second Circuit.

Feb. 16, 2005.

Yong Wang, New York, NY, for Petitioner.

Stephan J. Baczynski, Assistant United States Attorney (Michael A. Battle, United States Attorney, Western District of New York, on the brief), Buffalo, NY, for Respondent.

PRESENT: WALKER, Chief Judge, HALL, and JOHN R. GIBSON,* Circuit Judges.

### SUMMARY ORDER

Petitioner Chang Ying Lin seeks review of a November 18, 2002, Board of Immigration Appeals ("BIA") order summarily affirming the September 29, 2000, decision of an immigration judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, and ordering him

---

* The Honorable John R. Gibson, of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

removed from the United States. In his petition, Lin argues that (1) the IJ erred in determining that Lin had not presented sufficient evidence of past persecution such that he was entitled to receive asylum in the United States; and (2) the BIA erred in summarily affirming the IJ's decision. Familiarity with the facts and procedural history is assumed. We affirm and deny Lin's petition.

Where the BIA has adopted the reasoning of the IJ or affirmed without opinion, we may review the IJ opinion directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review the IJ's factual findings regarding eligibility for asylum and withholding of removal under a "substantial evidence" standard. *See Zhang v. INS*, 386 F.3d 66, 73 (2d Cir. 2004). Under this standard, such findings are "conclusive unless any reasonable adjudicator would be compelled to conclude the contrary." *See id.* at 73 n. 7 (quoting 8 U.S.C. § 1252(b)(4)(B), and noting that the statute codifies the substantial evidence standard of review). We accord "particular deference" to the IJ's determinations surrounding credibility. *Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

The IJ rejected Lin's claim that his wife had been subjected to forced sterilization and that he was a persecuted member of the Falun Gong for reasons that were adequately substantiated by the record. As the IJ noted, Lin failed even to prove his own identity, as the only "authenticated" identification he offered was a forged passport. The IJ also questioned various inconsistencies in Lin's testimony, including Lin's assertion that his wife was sterilized for over-birth in 1992, when Lin himself testified that his family had already been fined for having its second child seven years earlier, and that his wife had been wearing a birth-control device ever since that date. Lin's knowledge of Falun Gong practices was limited, and his assessment of the organization's following in his town was significantly above estimates provided by country background information. As the IJ pointed out, these errors were particularly troubling in light of Lin's claim that he had been a local Falung Gong organizer. Finally, Lin failed to produce any credible documentary evidence or give any persuasive reason for its absence.

We have carefully considered Lin's remaining arguments and find them to be without merit.

For the reasons set forth above, the decision of the Board of Immigration Appeals is hereby AFFIRMED and the petition for review is DENIED.